IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Stephon L. Hill, ) | Civil Action No.:2:11-3262-MGL-BHH |
| ) Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Warden of Kirkland Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on Respondent's Motion for Summary Judgment. (Dkt. No. 17; see also Dkt. No. 18.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on or about November 23, 2011. (Dkt. No. 1.) On April 3, 2012, the Respondent moved for summary judgment. (Dkt. No. 17; see also Dkt. No. 18.) By order filed April 4, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 19.) Petitioner filed his Response in Opposition to the Motion for Summary Judgment on or about June 5, 2012. (See Dkt. No. 23.)

**PROCEDURAL HISTORY**

The Petitioner is currently confined at Kirkland Correctional Institution. In July of 2003, Petitioner was indicted by the Chester County Grand Jury for (a) burglary, first degree (2003-GS-12-561) and (b) pointing and presenting a firearm at a person (2003-GS-12-563). (R. at 321-24.) The Petitioner was represented by Yale Zamore, Esquire. (Id. at 1.) A jury

trial was held on September 16-17, 2003, before the Honorable Paul E. Short, Jr. (Id. at 1-234.) The jury convicted Petitioner as charged, and Judge Short sentenced Petitioner to seventeen years on the burglary charge and five years, concurrent, on the charge of pointing and presenting a firearm. (R. at 219-22, 231.)

Petitioner appealed and was represented by Eleanor Duffy Cleary, Esquire, of the South Carolina Office of Appellate Defense. (See Dkt. No. 18-4.) On May 9, 2005, Ms. Cleary filed a Final Anders[1] Brief of Appellant, wherein she raised the following issue:

> Did the trial court lack subject matter jurisdiction to convict appellant of first-degree burglary where the indictment did not allege the essential elements of the offense?

(Dkt. No. 18-4 at 4 of 10.) Ms. Cleary also filed a petition to be relieved as counsel. (Id. at 8 of 10.) Petitioner filed a *pro se* Anders Response Brief on or about June 20, 2005. (See Dkt. No. 18-5.) In his *pro se* brief, Petitioner raised the following issue:

> Did the trial court lack subject matter jurisdiction to convict appellant of first-degree burglary or pointing and presenting a firearm where the indictments did not allege the essential elements of the offenses[?]

(Dkt. No. 18-5 at 3 of 6.)

On August 8, 2005, the South Carolina Court of Appeals issued an unpublished opinion dismissing the appeal, "hold[ing] there [were] no directly appealable issues . . . arguable on their merits." (Dkt. No. 18-6 at 2 of 2.) The Court of Appeals also granted Ms. Cleary's petition to be relieved as counsel. (Id.) On or about August 23, 2005, Petitioner filed a Petition for Rehearing; that request was denied on September 20, 2005. (Dkt. No. 18-7; Dkt. No. 18-9.) The Court of Appeals remitted the matter to the lower court on October 25, 2005. (Dkt. No. 18-10.)

---

[1]See Anders v. California, 386 U.S. 738 (1967).

2

On or about April 19, 2006, Petitioner filed an application for post-conviction relief ("PCR"). (R. at 261-67.) The following questions and answers appeared in his PCR application (verbatim):

> 10. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully.
>
> (a) I have custody of my son.
> (b) My original charges.
> (c) No forensic evidence.
>
> 11. State concisely and in the same order the facts which support each of the grounds set out in (10):
>
> (a) I got proof of custody.
> (b) I got my original warrants.
> (c) I did not force my way in the house.

(R. at 263.)

On February 26, 2007, an evidentiary hearing was held before the Honorable Brooks P. Goldsmith. (R. at 274-309.) Petitioner was present and represented by Charles Brooks, Esquire. (Id. at 274.) In an order dated April 24, 2007, Judge Goldsmith denied the application for post-conviction relief and dismissed the petition. (R. at 310-19.) No appeal was taken from Judge Goldsmith's order.

According to Respondent, Petitioner filed a second PCR action on September 7, 2007, and a hearing was held on February 26, 2008, at the Fairfield County Courthouse. (See Dkt. No. 18 at 13 of 38.) Respondent states that the outcome of this second PCR action is that on February 26, 2008, the court issued an Amended Order denying and dismissing his application for PCR. (Dkt. No. 18-12 at 4.)[2] That Amended Order also stated, "The Applicant has proven by a preponderance of the evidence that his first post-conviction

---

[2]Although the record before the Court contains the documents related to the first and third PCR action, the undersigned has been unable to locate the second PCR application or a record of the hearing on February 26, 2008.

relief counsel failed to properly advise him of his appellate rights and that he is entitled to an appeal pursuant to Austin v. State." (Id. at 3.) It was ordered that "[w]ithin 30 days of service of this Order, counsel for the Applicant must file a Notice of Appeal to secure the appropriate review of the Applicant's first post-conviction relief action." (Id. at 4.) According to Respondent, despite this Amended Order, no Notice of Appeal was filed because "[a]pparently collateral counsel believed it was not necessary to file a Notice of Appeal from this Order." (Dkt. No. 18 at 16.)

Petitioner filed another application for post-conviction relief on or about September 26, 2008. (R. at 248-54.)[3] The following questions and answers appeared in this PCR application (verbatim):

> 10. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully.
>
> (a) False Arrest
> (b) Misrepresentation
> (c) _____
>
> 11. State concisely and in the same order the facts which support each of the grounds set out in (10):
>
> (a) I was arrested for a charge that isn't in the law books.
> (b) My lawyer overlooked key facts and forced jurors on me.
> (c) My lawyer also subpoenaed the plaintiffs to testify against me.

(R. at 249-50.) On March 5, 2009, a Consent Order for Austin review was filed with the Chester County Clerk of Court. (See R. at 256-57.)

On March 15, 2010, M. Celia Robinson, Esquire, of the South Carolina Commission on Indigent Defense filed a Petition for Writ of Certiorari pursuant to Austin v. State on behalf of Petitioner. (See Dkt. No. 18-14.) In that petition, she raised the following issues:

---

[3]It appears Petitioner's second and third PCR applications were filed in order to obtain a review of the denial of his prior application for post-conviction relief. (See Dkt. No. 18-14 at 4 of 16.)

4

> 1. Did the PCR judge err in denying relief despite trial counsel's failure to investigate which led to defense counsel subpoenaing the victims for trial so that their testimony was available and used against the defendant at trial?
>
> 2. Did the PCR judge err in denying relief despite trial counsel's failing to present witness testimony helpful to the defense at trial?

(Dkt. No. 18-4 at 3 of 16.)

On October 19, 2011, the Supreme Court of South Carolina granted the belated appeal but "den[ied] the petition for writ of certiorari from Judge Goldsmith's order." (Dkt. No. 18-16 at 1.) The matter was remitted to the lower court on November 7, 2011. (Dkt. No. 18-17.)

The Petitioner then filed the instant habeas action raising the following grounds for review (verbatim):

> **Ground One**: I was served w/an arrest warrant for "parental kidnapping" at first and theres no such thing in S.C.
> **Supporting Facts**: I was served the very first warrant for the arrest leading to my conviction (this conviction) called "parental kidnapping" in which do not exist in South Carolina and made the arrest a false arrest. I still got copies of this warrant.
>
> **Ground Two:** I was charged with burglary 1st degree and there was no evidence what so ever.
> **Supporting Facts**: The police whom answered the call to the scene didn't discover no evidence. Neither did detectives. There is still no evidence whatsoever. Neither was anything reported stolen or did they say that they loss anything, except my "eldest son," in which we (Tina Caldwell and I (Stephon Hill)) was sharing custody of.
>
> **Ground Three:** After the victims didn't show up for a 1st or 2nd preliminary hearing my public defender refused to ask for a dismissal.
> **Supporting Facts**: Judge Dianne Moore and Detective Lucinda still got the records for both preliminary hearings in which both took approximately 30 day each while I stayed in jail with no bond. Thats Magistrate Judge Dianne Moore and Detective Lucinda McKeller of the Chester County Police Department.
>
> **Ground Four:** My public defender subpoenaed the supposed victims to court to help convict me and change their (supposed victims) testimonies.
> **Supporting Facts**: My transcript from my trial clearly has it written/typed on it that and where my public defender Yale Zamore stated under oath that he

5

subpoenaed the supposed victims to court himself. . . . My transcript also clearly has it typed on it that my public defender gave Corey Simpson, one of the supposed victims[,] the chance to change his testimony twice.

**Ground Five:** There was no gun found and I was charged with three counts of different felony gun charges in this case. They (the correctional officers at Chester County Police Department) brought me all three arrest warrants for a gun a couple of days later (<u>after</u> I was first arrested)!.
**Supporting Facts**: My public defender wouldn't permit me to raise this issue at neither of my two scheduled preliminary hearings.

(Dkt. No. 1.)

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Breard v.

6

Pruett, 134 F.3d 615, 618 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S.Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

## DISCUSSION

Respondent moved for summary judgment on all of Petitioner's grounds for relief. (See Dkt. No. 17; Dkt. No. 18.) The undersigned will address the arguments in turn.

**A. Ground One**

As noted above, Petitioner contends in Ground One that he "was served the very first warrant for the arrest leading to [his] conviction . . . called 'parental kidnapping'" when there is no such thing in South Carolina. (See Dkt. No. 1.) Petitioner contends that he was therefore subject to "a false arrest." (Id.)

Respondent seeks summary judgment on this ground for several reasons. First, Respondent contends this claim is procedurally barred because it "is a direct appeal issue that was not preserved at Petitioner's trial." (Dkt. No. 18 at 21.) Respondent states, "While

7

Petitioner raised this issue in his *pro se* brief, the South Carolina Court of Appeals would not have reviewed this claim even under an Anders review because it was not raised or ruled on by the trial court." (Id.) Respondent further contends in the alternative that he is entitled to summary judgment on the merits of Ground One. (See id. at 29.) Respondent states,

> [N]o evidence was introduced at trial *as a result of* Petitioner's *arrest*. Petitioner was tried on the indictments the Grand Jury returned for Burglary in the 1st Degree and Pointing and Presenting a Firearm. As a result, Petitioner cannot show error or prejudice with regard to his convictions for Burglary and Pointing and Presenting a Firearm.

(Id.)

The undersigned recommends granting summary judgment to Respondent on Ground One. Petitioner is not in custody on a charge of "parental kidnapping." Instead, Petitioner is incarcerated as a result of his sentences for burglary, first degree, and pointing and presenting a firearm. Furthermore, while Petitioner references the arrest warrant and says he has copies, there is no such arrest warrant in the record. And in any event, the evidence used to convict Petitioner did not arise as a result of any arrest for "parental kidnapping." Petitioner's ex-wife and her husband testified about the events of March 15 or 16 of 2003; this evidence was not the fruit of any arrest for "parental kidnapping." Similarly, Detective Love and Detective Levister testified about the events in question, and their testimony was not the fruit of Petitioner's arrest for "parental kidnapping." The entirety of the State's case-in-chief was testimony from these four individuals. Because no evidence from Petitioner's arrest for "parental kidnapping" was introduced at his trial, Petitioner's claim for habeas relief on this ground fails. See Roundtree v. Riddle, 417 F. Supp. 1274, 1275-76 (D.Va. 1976) ("[A]n illegal arrest is, in itself, no grounds for habeas corpus relief, unless the defendant was denied a fair trial by the introduction of evidence or a statement that was a

8

product of this illegal arrest."). The undersigned recommends granting summary judgment to Respondent on Ground One.

## B. Ground Two

In Ground Two, Petitioner complains that he was "charged with burglary 1st degree and there was no evidence" whatsoever. (Dkt. No. 1.) Petitioner states that nothing was reported stolen, and the only thing "lost" was Petitioner's eldest son. (Id.)

Respondent contends this ground is procedurally barred because while Petitioner argued in his *pro se* brief that there was no forensic evidence, he "did not argue the evidence was insufficient to convict him of Burglary in the First Degree." (Dkt. No. 18 at 21-22.) Respondent also seeks summary judgment on the merits, stating that the trial court denied Petitioner's motion for directed verdict as to this charge and that "[t]he South Carolina burglary statute does not require that Petitioner or anyone else steal or intend to steal when entering a home to be guilty of Burglary in the 1st Degree." (Id. at 30.)

The undersigned recommends granting summary judgment to Respondent on Ground Two. Although claims of insufficient evidence are cognizable on collateral review, "a federal court's review of such claims is 'sharply limited.'" Wilson v. Greene, 155 F.3d 396, 405 (4th Cir. 1998). As the Fourth Circuit stated in Wilson,

> Federal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review. Thus, a defendant is entitled to relief only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt.

Wilson, 155 F.3d at 405-06 (internal quotation marks and citations omitted). The South Carolina Code defines burglary in the first degree as follows:

> (A) A person is guilty of burglary in the first degree if the person enters a dwelling without consent and with intent to commit a crime in the dwelling, and either:

9

>      (1) when, in effecting entry or while in the dwelling or in
> immediate flight, he or another participant in the crime:
>> (a) is armed with a deadly weapon or explosive; or
>> (b) causes physical injury to a person who is not a participant in the crime; or
>> (c) uses or threatens the use of a dangerous instrument; or
>> (d) displays what is or appears to be a knife, pistol, revolver, rifle, shotgun, machine gun, or other firearm; or
>
> (2) the burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both; or
>
> (3) the entering or remaining occurs in the nighttime.

S.C. CODE ANN. § 16-11-311. "First degree burglary requires the entry of a dwelling without consent with the intent to commit a crime therein, as well as the existence of an aggravating circumstance." State v. Cross, 323 S.C. 41, 43, 448 S.E.2d 569, 570 (Ct. App. 1994).

Respondent is entitled to summary judgment on this ground, as a rational jury could have found proof of guilt beyond a reasonable doubt. There was evidence that Petitioner pushed his way into the home of his ex-wife and her husband between 11:00 and 11:30 at night and that he was carrying a gun. In addition, there was testimony that Petitioner hit Mr. Simpson with the gun and threatened Mr. Simpson's life. Respondent is correct in his argument that the State was not required to prove that Petitioner stole or intended to steal when he entered the home. See State v. Peterson, 336 S.C. 6, 7, 518 S.E.2d 277, 278 (Ct. App. 1999) (listing elements of first degree burglary). Petitioner is entitled to no relief on Ground Two.

**C. Ground Three**

Petitioner contends in Ground Three that his counsel was ineffective for failing to move to dismiss his charges "[a]fter the victims didn't show up for a 1st or 2nd preliminary hearing." (Dkt. No. 1.)

10

Respondent asserts he is entitled to summary judgment on this ground because it is procedurally barred as "Petitioner did not raise this claim of ineffective assistance of counsel on appeal from the denial of PCR." (Dkt. No. 18 at 22.) Respondent also seeks summary judgment on the merits, stating that the PCR court's determination of this issue was not contrary to, or an unreasonable application of, clearly established federal law. (See id. at 32-33.)

The undersigned recommends granting summary judgment to Respondent on Ground Three. As a preliminary matter, Ground Three is procedurally barred. See Longworth v. Ozmint, 377 F.3d 437, 447-48 (4th Cir. 2004) (concluding that certain grounds are "procedurally defaulted as a result of [the petitioner's] failure to raise them in his petition for certiorari to the South Carolina Supreme Court for review of the State PCR Court's decision"). The claim also fails on the merits. Strickland v. Washington, 466 U.S. 668 (1984), states that a meritorious ineffective assistance of counsel claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Id. at 687–96. A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. Id. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n.8 (4th Cir. 2008); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297–99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985). In order to establish the second prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A

"reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." Id.

Before addressing the merits of this claim, the PCR court summarized the testimony of Petitioner:

> At the PCR hearing the Applicant testified that trial counsel was ineffective for failing to move to dismiss the charges after the victims did not appear at his first preliminary hearing. He stated that the victim's [sic] did not want to go to court. He testified that the victims did appear at his second appearance. He stated that the Solicitor's office had tried to contact the victims and they had not answered the phone.

(Dkt. No. 18-3 at 51 of 65.) In addressing the merits, the PCR judge stated,

> This Court finds trial counsel's testimony to be credible and the Applicant's to be incredible.
> This Court finds that trial counsel was not ineffective for failing to move to dismiss the charges after the first preliminary hearing. This Court finds that the Applicant has not proven that this motion would have been a viable one, especially since the charges were later indicted by the Grand Jury and the victims came to court and testified against the Applicant. This court denies and dismisses this allegation.

(Id. at 56 of 65.)

The undersigned recommends granting summary judgment to Respondent on this ground because the PCR court's determination was not contrary to, or an unreasonable application of, clearly established federal law. As stated in Jackson v. Warden of Broad River Correctional Institution, No. 8:09-906-MBS-BHH, 2010 WL 3282996 (D.S.C. Mar. 25, 2010),

> [I]n South Carolina, a preliminary hearing is not held if the defendant is indicted by the grand jury. Rule 2(b), SCRCrimP. Here, the petitioner was indicted by the grand jury on the charges of burglary and 1st degree CSC, which satisfies any federal constitutional concerns as to a determination of probable cause. . . . Therefore, trial counsel was not deficient and the Petitioner has failed to show any prejudice for her failure to move for a preliminary hearing.

12

Jackson, 2010 WL 3282996, at *9 n.4 (adopted at 2010 WL 3282992 (D.S.C. Aug. 19, 2010)). Petitioner was indicted by a grand jury, and he was ultimately found guilty of those charges after a jury trial during which the victims testified. Petitioner has not met the standard set forth in § 2254, so the undersigned recommends granting summary judgment to Respondent on Ground Three. See Bryant v. Riley, No. 9:06-489-HMH-GCK, 2006 WL 3025829, at *13 (D.S.C. Oct. 23, 2006) (rejecting claim that counsel was ineffective for failing to request a preliminary hearing where the petitioner was indicted prior to a preliminary hearing being held).

**D. Ground Four**

In Ground Four, Petitioner claims that his trial counsel was ineffective because his attorney "subpoenaed the supposed victims to court to help convict [Petitioner] and change their . . . testimonies." (Dkt. No. 1.) According to Petitioner, his trial counsel "gave Corey Simpson, one of the supposed victims[,] the chance to change his testimony twice." (Id.)

Respondent seeks summary judgment on the merits of Ground Four, contending that Petitioner fails to meet the standard set forth in § 2254. (See Dkt. No. 18 at 34-36.) The PCR court summarized the applicable testimony as follows:

> The Applicant . . . testified that his trial counsel was ineffective for subpoenaing the victims. He stated that he should not have subpoenaed them because they testified for the State against him.
> . . .
> Trial counsel testified that he may have subpoenaed the witnesses so he could judge their credibility in court. He stated that his reasoning is stated on the record at the beginning of the trial transcript. He said that there was no forensic evidence in this case and witness credibility would be crucial. Trial counsel stated that he released them from the subpoena shortly after he saw them. He also testified that the witnesses were also subpoenaed by the State and in fact testified for the State.

(Dkt. No. 18-3 at 52-53 of 65.) In rejecting the claim, the PCR judge stated, *inter alia*,

13

> This Court finds trial counsel's testimony to be credible and the Applicant's to be incredible.
> . . .
> This Court finds that trial counsel was not ineffective for subpoenaing the victims to Court. Trial counsel testified that he had subpoenaed the witnesses so he could eyeball their credibility prior to trial. This Court finds this a valid trial strategy. Furthermore, this Court finds no prejudice in this act because the State also subpoenaed the witnesses, thus his subpoenas were merely cumulative. This Court denies and dismisses this allegation.
> This Court finds that trial counsel was not ineffective for failing to properly cross-examine the victim. This Court finds that trial counsel sufficiently cross-examined the victim on the differences between his direct testimony and the statement he gave police. (Tt. Pg. 97, Ln. 13 – Pg. 104, Ln. 3).

(Dkt. No. 18-3 at 56-57 of 65.)

The PCR court found that trial counsel's subpoena of the witnesses was trial strategy. The instant case turned on witnesses' credibility, and trial counsel's reasonable tactical decision should not now be second-guessed on collateral review. See Strickland, 466 U.S. at 689. Moreover, the PCR court found that the State subpoenaed the at-issue witnesses, so trial counsel's subpoenas were cumulative. Such a factual finding is "presumed to be correct," and the Petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Petitioner has not met that burden, as there was evidence that the State subpoenaed the at-issue witnesses. (See R. at 304.) Trial counsel testified that he released the witnesses after he saw them and that the State also subpoenaed them. In addition, as the PCR judge noted, trial counsel *did* cross-examine Mr. Simpson about the differences between the statement Mr. Simpson gave to police and his testimony on the stand. Petitioner has not shown that the PCR court's determination of this claim meets the standard set forth in § 2254. The undersigned therefore recommends granting summary judgment to Respondent on Ground Four.

14

**E. Ground Five**

Petitioner contends in Ground Five that "[t]here was no gun found and [Petitioner] was charged with three counts of different felony gun charges in this case." (Dkt. No. 1.) Respondent contends this ground is procedurally barred because Petitioner did not raise it on direct appeal or on appeal from the denial of PCR. (See Dkt. No. 18 at 22.) Respondent also contends he is entitled to summary judgment on the merits of this claim.

The undersigned recommends granting summary judgment to Respondent on Ground Five. As a preliminary matter, Respondent is correct that the claim is procedurally barred; Petitioner did not raise it on direct appeal, nor did he raise it on appeal from the denial of his PCR application. It is, therefore, procedurally barred. In addition, the claim fails on the merits. The charges at issue in the instant habeas petition are (a) burglary, first degree, and (b) pointing and presenting a firearm at a person. Those convictions are the only convictions at issue herein, and Respondent is correct that it was not necessary for the State to produce the gun in order to convict Petitioner of these two charges. (See Dkt. No. 18 at 37.) The undersigned notes that there was evidence sufficient to convict Petitioner of pointing and presenting a firearm, as Mr. Simpson testified that after Petitioner forced his way into the Simpson residence, Petitioner "put a gun" to Mr. Simpson's head. See R. at 90; see also S.C. CODE ANN. § 16-23-410 ("It is unlawful for a person to present or point at another person a loaded or unloaded firearm."). Petitioner is entitled to no relief on this ground.

## **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, Respondent's Motion for Summary Judgment (Dkt. No. 17) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. The undersigned further RECOMMENDS that a certificate of appealability be DENIED.[4]

IT IS SO RECOMMENDED.

                                                                          s/Bruce Howe Hendricks
                                                                          United States Magistrate Judge

October 1, 2012
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

---

[4]Title 28, Section 2253 provides in relevant part,
    (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
    (B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).